COURT OF CHANCERY
OF THE
STATE OF DELAWARE

JOHN W. NOBLE
VICE CHANCELLOR

417 SOUTH STATE STREET
DOVER, DELAWARE 19901
TELEPHONE: (302) 739-4397
FACSIMILE: (302) 739-6179

February 26, 2016

Kevin M. Coen, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801

Richard P. Rollo, Esquire
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801

Re: *Wong v. USES Holding Corp.*
C.A. No. 11475-VCN
Date Submitted: December 18, 2015

Dear Counsel:

This is an advancement case. Plaintiffs, a former director and a former officer of Defendant USES Holding Corp. ("USES"), seek advancement of legal fees and expenses incurred in defending an action in New York that challenges their conduct in the sale of USES to its current owner. Counsel have worked responsibly to narrow the debate to two discrete issues. The first issue involves "fees on fees"; the second issue involves allocation of the Special Master's costs. Counsel have submitted a stipulated form of order that resolves most of the

otherwise open issues, including entitlement to advancement and the process for determining and paying the appropriate amount to be advanced.[1]

1.  Fees on Fees

As a general matter, a party entitled to advancement is entitled to recover the fees expended in contesting a wrongful rejection of a demand for advancement. USES had no obligation to advance litigation expenses to Plaintiffs until they had properly demonstrated a right to advancement. USES conditioned advancement upon an officer or director's[2] undertaking to repay sums advanced if it later turned out that they were obligated to repay them. By Section 9.1(b) of USES's Bylaws:

> [I]f the Delaware Statute requires, an advancement of expenses incurred by an indemnitee in his or her capacity as a director or officer . . . shall be made only upon delivery to the Corporation of an undertaking . . . by or on behalf of such indemnitee, to repay all amounts so advanced if it shall ultimately be determined by final judicial decision . . . that such indemnitee is not entitled to be indemnified . . . .[3]

---

[1] Letter of Richard P. Rollo, Esq., dated Dec. 15, 2015 ("Rollo Letter") Ex. A (Stipulated Order).

[2] Plaintiff Felix Wong was a director of USES; Plaintiff Gregory Johnson was an officer of USES. Compl. ¶¶ 2–3.

[3] Rollo Letter Ex. C (USES Bylaws) § 9.1(b). By 8 *Del. C.* § 145(e), an officer or director of a Delaware corporation is required to submit an undertaking to repay

Plaintiffs did not submit the required undertakings until November 25, 2015.[4] Until Plaintiffs perfected their requests for advancement by providing the undertakings, they had no right to advancement or to fees on fees because USES had no obligation to advance any amount to Plaintiffs.[5]

Once the undertakings were delivered, the Plaintiffs' rights to advancement were established, and, from that point on, they are entitled to recover their "fees on fees."

2.    Special Master's Costs

The Bylaws require USES to pay the Special Master's costs incurred because of challenges to the reasonableness or allocation of Plaintiffs' fees and expenses if the Plaintiffs are successful in whole or in part. Plaintiffs rely upon Section 9.1(c) of the Bylaws which provides in part:

---

advanced amounts if later it is determined that the officer or director had no right to indemnification.

[4] *See* Pls.' Reply Br. in Supp. of Their Mot. for Partial Summ. J. Ex. 11.

[5] *See Underbrink v. Warrior Energy Servs. Corp.*, 2008 WL 2262316, at *13 (Del. Ch. May 30, 2008).

> If a claim under Section 9.1(b) [(*i.e.*, the indemnification and advancement provision)] . . . is not paid in full by the Corporation within 60 days after a written claim has been received by the Corporation (including, without limitation, in the case of a claim for an advancement of expenses), the indemnitee may at any time thereafter bring suit against the Corporation to recover the unpaid amount of the claim. If successful in whole or in part in any such suit, or in a suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of any undertaking, the indemnitee shall be entitled to be paid also the expense of prosecuting or defending such suit.[6]

A Special Master is appointed to facilitate resolution of this suit filed by Plaintiffs to recover advancement. Thus, if successful, in whole or in part, they are "entitled to be paid also the expense of prosecuting . . . such suit" which would include Special Master costs.

USES focuses on the advancement that has been sought, not future amounts that may be sought. It points to the introductory language of Section 9.1(c) of the Bylaws which grants the Plaintiffs the right to file suit sixty days after claims for advancement if the claims are not paid in full within those sixty days. In this instance, the Plaintiffs filed the action some thirty-five days after their first

---

[6] USES Bylaws § 9.1(c).

submitted demand for advancement.[7]  USES argues that the early filing precludes an allocation of the costs of the Special Master to it.

A fair reading of the Bylaws is that USES has sixty days to review the request for advancement and any invoices submitted for payment; that would include the time necessary to assess the reasonableness of the amount sought. USES did not need the sixty-day period for that purpose.  Instead, it took the position that Plaintiffs had no entitlement to advancement[8] and, thus, the reasonableness of the amount sought was not pertinent.  The debate was not about how much advancement to pay; it was about whether to pay any advancement at all.  Once USES advised Plaintiffs that it would pay nothing, there was no longer any purpose to finishing the sixty-day period.

---

[7] Transmittal Decl. of Kevin M. Coen ("Coen Decl.") Exs. 3 & 4.  The first demand was sent July 31, 2015; the second demand was sent August 21, 2015. This action was filed on September 4, 2015.

[8] Coen Decl. Exs. 5 & 6 (Letters of Arthur Luk, Esq., dated August 28, 2015 ("[T]he Board [of USES] has concluded that [Plaintiffs are] not entitled to either indemnification or advancement of legal fees and expenses under [the USES Bylaws].").

As a matter of general contract law, "an unequivocal statement by a promisor that he will not perform his promise gives 'the injured party an immediate claim to damages for total breach . . . .'"[9] Yet, general contract principles do not prevent the parties from reaching a different agreement. USES has the argument that can, perhaps too simplistically, be reduced to "sixty days means sixty days." The purpose of the sixty days is obvious: to give USES the time necessary to assess the advancement request. Once it concluded that Plaintiffs were not entitled to any advancement, no purpose for additional delay in resolving the question can be identified, and the better reading of the Bylaws is that a total and absolute refusal to pay would not be subject to the delay provision.

Evaluating advancement requests—especially in this case where there may be both reasonableness and allocation among various claims issues—can take time and USES assured itself, in its Bylaws, a reasonable opportunity to assess the application. This is not a situation where a partial payment was made within the sixty-day period because, even when partial payment has been made, that does not

---

[9] *Carteret Bancorp., Inc. v. Home Gp., Inc.*, 1988 WL 3010, at *5 (Del. Ch. Jan. 13, 1988) (quoting *Farnsworth on Contracts* § 8.20 (1982)).

preclude either further negotiations or further review within the time that USES allowed itself in its Bylaws.

Thus, Plaintiffs are not required to absorb all or part of the Special Master's costs simply because they brought this action less than sixty days after they filed their demand for advancement.

In conclusion, Plaintiffs are entitled to "fees on fees," incurred on or after November 25, 2015, for pursuing this action and the sixty-day provision in Section 9(c) of the Bylaws does not preclude Plaintiffs from shifting Special Master expenses to USES.

**IT IS SO ORDERED**.[10]

Very truly yours,

*/s/ John W. Noble*

JWN/cap
cc:     Register in Chancery-K

---

[10] The question of the Special Master's costs is addressed in paragraph 9 of the Stipulated Order, which leaves that issue for the Court. USES proposed a good cause standard, but the Bylaws allocate those costs based on whether the Plaintiffs prevail in whole or in part. The version of the Stipulated Order proposed by Plaintiffs' counsel will be entered.